RENDERED: SEPTEMBER 10, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1107-MR

RHODA PINSON MAYNARD                      APPELLANT

                APPEAL FROM MARTIN CIRCUIT COURT
v.           HONORABLE JANIE MCKENZIE-WELLS, JUDGE
                  ACTION NO. 19-CI-00067

MONICA PINSON AND JEFF PINSON            APPELLEES

OPINION
VACATING

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Rhoda Pinson Maynard appeals from an order which deemed Monica and Jeff Pinson de facto custodians of Appellant's biological child. We conclude that the trial court made an error of law; therefore, we vacate the de facto custodian judgment.

## FACTS AND PROCEDURAL HISTORY

The child at the center of this case was born on February 21, 2011. At the time of the birth, Appellant was living with Appellees. Evidence in the record shows that Appellant claimed she and the child lived with Appellees until she moved out in 2018. Appellees claimed that Appellant lived with them for about six months after the birth of child. At that time, Appellant then left the home, left the child with Appellees, and had little contact with them or the child until around 2014 or 2015.

On April 11, 2019, Appellees filed a petition seeking custody of the child and requesting to be deemed de facto custodians. After a hearing, the trial court entered an order declaring Appellees de facto custodians. The court found that Appellees had been the primary custodians from August of 2011 until March of 2012. The court held that this period satisfied the de facto custodian statute. The court reserved judgment on the issue of custody.

Appellant then filed a Kentucky Rules of Civil Procedure (CR) 59.05 motion to alter, amend, or vacate. Appellant argued that there was insufficient evidence to support the court's findings and that, as a matter of law, even if Appellees had been eligible to be declared de facto custodians early in the child's life, that eligibility was interrupted when Appellant reentered the child's life. Appellant's CR 59.05 motion was denied.

Before the final custody hearing, Appellees withdrew their motion for custody. On August 4, 2020, the trial court entered an order giving Appellant sole custody of the child. The order also stated that Appellees' de facto custodian status remained and they were eligible to assert their rights in the future. This appeal followed.

## ANALYSIS

On appeal, Appellant argues that there was insufficient evidence to support the trial court's finding that Appellees met the de facto custodian requirements. Appellant also argues that the trial court erred as a matter of law when it did not consider whether Appellant's return to the child's life interrupted Appellees' status as de facto custodians.

Kentucky Revised Statutes (KRS) 403.270[1] states in relevant part:

> (1)(a) As used in this chapter and KRS 405.020, unless the context requires otherwise, "de facto custodian" means a person who has been shown by clear and convincing evidence to have been the primary caregiver for, and financial supporter of, a child who has resided with the person for a period of six (6) months or more if the child is under three (3) years of age and for a period of one (1) year or more if the child is three (3) years of age or older or has been placed by the Department for Community Based Services. Any period of time after a legal proceeding has been commenced by a parent seeking to regain custody of the child shall not be

---

[1] A new version of KRS 403.270 became effective in 2021. The version we cite in this Opinion is the previous version which was in effect when the court issued the orders on appeal.

included in determining whether the child has resided with the person for the required minimum period.

(b) A person shall not be a de facto custodian until a court determines by clear and convincing evidence that the person meets the definition of de facto custodian established in paragraph (a) of this subsection. Once a court determines that a person meets the definition of de facto custodian, the court shall give the person the same standing in custody matters that is given to each parent under this section and KRS 403.280, 403.340, 403.350, 403.822, and 405.020.

Although Appellant raises an issue regarding the sufficiency of the evidence, we believe the trial court erred in interpreting KRS 403.270. As the proper interpretation of a statute is purely a legal issue, our review is *de novo*. *Commonwealth v. Long*, 118 S.W.3d 178, 181 (Ky. App. 2003) (citations omitted). Here, the trial court found that Appellees met the statutory requirements for de facto custodians during the time period of August of 2011 to March of 2012. Appellant argued before the trial court that when she returned to the child and began parenting, the de facto custodian status was terminated and the court needed to determine the status at the time Appellees filed their petition for custody.

We agree with Appellant. The status of de facto custodian is not permanent and must be established each time the status is asserted. The cases of *Turner v. Hodge*, 590 S.W.3d 294 (Ky. App. 2019), and *Sullivan v. Tucker*, 29 S.W.3d 805 (Ky. App. 2000), both support Appellant's argument and are controlling.

In *Turner*, a grandmother was the primary custodian and financial supporter of a child from the child's birth in 2005 until the mother reentered the child's life in 2008. The grandmother did not petition the trial court for a finding regarding her de facto custodian status until 2018. A previous panel of this Court held that once the mother began parenting the child in 2008, the grandmother's status as de facto custodian was broken. *Turner*, 590 S.W.3d at 299. The testimony at the de facto custodian hearing indicated that the grandmother had not been the primary caregiver and financial supporter of the child in several years. *Id.* The court went on to hold that "even if [the grandmother] had been able to establish [de facto custodian] status earlier, the status was interrupted and in any event was subject to be considered anew." *Id.*

A similar situation arose in *Sullivan*. In that case, a previous panel of this Court held that

> the determination of de facto custodianship is a matter that must be addressed anew whenever the status is asserted. This is not to say that a prior finding of de facto custodianship has no bearing on a subsequent determination. . . . It is only to say that a finding of de facto custodianship does not thereafter have [a] conclusively presumptive effect[.]

*Sullivan*, 29 S.W.3d at 808.

Here, the trial court held that Appellees met the de facto custodian requirements during a period of time in 2011 and 2012. This was around seven

-5-

years before Appellees filed their petition for custody and de facto custodian status. We believe the trial court erred when it did not consider if Appellant's involvement in the child's life after 2012 extinguished Appellees' de facto custodian status. Due to this error of law, we vacate the trial court's order which deemed Appellees de facto custodians.

We must also briefly respond to a request by Appellees that Appellant's appeal be dismissed. In their brief to this Court, Appellees argue that the order granting Appellant sole custody was an agreed order which precludes an appeal. This issue was previously raised before this Court in a separately filed motion to dismiss. This Court entered an order on December 16, 2020, denying the motion to dismiss. We will not revisit that decision and decline to dismiss the appeal.

## CONCLUSION

Based on the foregoing, we vacate the order on appeal. At this time there is no need for a new de facto custodian hearing because Appellees have withdrawn their custody petition. Should Appellees seek custody of the child in the future, they would need to prove their status as de facto custodians anew pursuant to the holding of this Opinion and the cases cited herein.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Kathryn Burke
Evan Smith
Prestonsburg, Kentucky

BRIEF FOR APPELLEES:

Thomas W. Moak
Prestonsburg, Kentucky